**R. H. MACY & CO., Inc., L. Bamberger & Co., Davison-Paxon Co., and The LaSalle & Koch Company, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Dec. 11, 1961.

Marvin Fenster, New York City, for plaintiffs. Nathan Dreizen, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., S. D. of New York, New York City, for defendant. Robert Arum, Asst. U. S. Atty., New York City, of counsel.

METZNER, District Judge.

Defendant moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12 (c), 28 U.S.C.A.

R. H. Macy & Co., the plaintiff, seeks a refund on taxes paid for the years ending January 31, 1943 through 1947. It was unsuccessful in a previous suit to recover for the year ending January 31, 1942.

Section 22 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22, permits a taxpayer to elect to use the so-called Lifo method of inventory computation if an application is made "at such time and in such manner as the Commissioner may prescribe". By regulation (Treas.Reg. 103 (1939 Code), § 19.22(d)–3, as amended) the Commissioner provided that the method may be adopted only

> "if the taxpayer files with his return for the taxable year as of the close of which the method is first to be used (or, if such return is filed prior to March 10, 1943, the ninetieth day after the approval of Treasury Decision 5199, then at any time prior to such date), in triplicate on Form 970, (revised) * * * a statement of his election to use such inventory method."

On October 15, 1948 plaintiff made claim for refund in taxes computed on the basis of using Lifo for the years 1942 through 1947, and filed with the claim for the year 1942 Form 970, mentioned in the regulations. No form of election was filed for the subsequent years. Upon refusal of the claim for refund for 1942, plaintiff then brought the suit referred to above.

The Court of Appeals held that failure to file a timely notice of election in conformity with the regulations precluded recovery by plaintiff. R. H. Macy & Co. v. United States, 255 F.2d 884 (2d Cir. 1958), rehearing denied, 255 F.2d 890, cert. denied, 358 U.S. 880, 79 S.Ct. 119, 3 L.Ed.2d 110 (1958). Timely notice has not been filed for the years in question in this suit and recovery is therefore barred to plaintiff.

Plaintiff argues that the Court of Appeals erred in its determination of the first case. That is a matter which plaintiff will have to present, and convince the Court of Appeals of, on the appeal from the judgment to be entered on this order.

Motion granted. So ordered.